PUBLIC SERVICE ELECTRIC CO. et al. v. HEROLD.

(District Court, D. New Jersey. January 19, 1915.)

No. 484.

1. INTERNAL REVENUE ☜38—RECOVERY OF TAX PAID—LIMITATION.
   The limitation for action to recover an illegally collected excise tax on a corporation as doing business is two years from its payment.
   [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. ☜38.]

2. INTERNAL REVENUE ☜9—EXCISE ON CORPORATION—"DOING BUSINESS."
   A corporation, though it has leased its electric power plant, and all its property and franchises, except the franchise to be a corporation, is "doing business," and so subject to the excise tax, under Act Aug. 5, 1909, c. 6, 36 Stat. 11; one of the express purposes of its incorporation being to lease such plants.
   [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ☜9.
   For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law. Action by the Public Service Electric Company and another against Herman C. H. Herold. Judgment for defendant.

Frank Bergen and Edward Ambler Armstrong, both of Newark, N. J., for plaintiffs.

J. Warren Davis, U. S. Atty., of Camden, N. J., and Walter H. Bacon, Asst. U. S. Atty., of Bridgeton, N. J., for defendant.

HUNT, Circuit Judge. This action is associated with No. 481, Public Service Railway Company and Rapid Transit Street Railway Company v. Herold (D. C.) 219 Fed. 301, and No. 483, Public Service Gas Company and Newark Consolidated Gas Company v. Herold, 227 Fed. 496, heretofore decided, in that it involves a right to recover taxes

assessed by the Commissioner of Internal Revenue under the act of Congress approved August 5, 1909, as special excise taxes for the years ended December 31, 1909, 1910, 1911 and 1912.

The United Electric Company on July 1, 1907, leased all of its property and franchises, except its franchise to be a corporation, to the Public Service Corporation of New Jersey for 999 years. Thereafter the lease was assigned to the Public Service Electric Company, plaintiff herein. Averments of the complaint are that United Electric Company of New Jersey has carried on no business since the making of the lease, except the receipt of rental under the lease and distribution thereof among its stockholders. Defendant pleads the statute of limitations, admits the lease, and sets forth that the United Electric Company was subject to the payment of the tax under the corporation tax law.

[1] Recovery of the amounts of taxes paid for 1909 and 1910 is denied, under the ruling in case No. 481, Public Service Railway Company and Rapid Transit Street Railway Company, Plaintiffs, v. Herman C. H. Herold, Defendant (D. C.) 219 Fed. 301.

[2] Upon the question whether or not the United Electric Company of New Jersey was doing business, there is evidence to show the following state of facts: The United Electric Company of New Jersey was incorporated March 4, 1899, under the General Corporation Act of the state of New Jersey. 2 Comp. St. 1910, p. 1592. Among the specific things named as the purposes of the corporation were these:

"To manufacture, buy, sell, lease, let, or operate any or all machinery or appliances for the manufacture, generation, storage, accumulation * * * of any or all types of electric current." "To erect, buy, sell, operate, lease, and let power plants and generating stations for the manufacture * * * and distribution of electric current," etc. "To manufacture, buy, sell, lease, and let fixtures, chandeliers, electroliers, brackets, * * * appurtenances used for or in connection with the manufacture * * * or use of electric current for light; * * * install, erect, and operate, sell, or lease, wires, cables, and fixtures, * * * and manufacture and deal in all apparatus and things * * * in connection with * * * electricity." "To buy, sell, operate, or lease pole lines, * * * and to sell or lease to other individuals or corporations the right to string electric wires * * * for local delivery. * * * To buy or lease from, or sell or let to, any other individual or corporation the right to string * * * wires. * * *"

There were other clauses authorizing leasing and operating for others works and plants already constructed, either in the name of such other corporations or individuals or in the name of the incorporated company or otherwise.

Acting under its power to carry out the objects for which it was incorporated, the plaintiff United Electric Company of New Jersey, on July 1, 1907, leased to the Public Service Corporation of New Jersey all its franchises, electric light plants, and works, owned or operated by the lessor, or which it might thereafter own, wheresoever situated, together with all the buildings, machinery, etc., and all contracts, privileges, and franchises connected with the demised premises, except the franchise to be a corporation, its transfer books, dividend book accounts, deeds, grants, and other evidences of the right and title to the properties now owned, possessed, or controlled by the lessor, and

also excepting certain other property described in the schedule. The lessor covenanted that it would, on request of the lessee, make and deliver all conveyances reasonably desired by the lessee for the full enjoyment by the lessee of the franchises and rights granted. The lessee is also given the right under the lease to apply for and operate in the name of the lessor rights to erect and maintain poles and to construct conduits, and for its own benefit to use the lessor's name in prosecuting or defending suits. The lessee agreed to pay the interest on bonds amounting to $20,000,000, to pay rental, and during the lease to pay all taxes, and to operate the lessor's electric light works and plants, and to carry on, preserve, and extend the business theretofore carried on by the lessor. The lessor agreed to join with the lessee in the execution of any deed necessary to convey any property or franchise then subject to mortgage. The lessor agreed that it would do anything necessary or proper to do by way of continuing any existing bonds, mortgage, or mortgages, or renewing refunding bonds or mortgages, for the payment or extension of the time of payment, where the negotiation is controlled by the lessee, and it is admitted that the United Electric Company acquired an extension of a franchise in March, 1912.

United Electric Company having been incorporated for the purposes, among others, of erecting and leasing and letting power plants for the distribution of electric power, and for erecting and selling, operating and leasing, pole lines and letting or leasing to other individuals or corporations rights to string wires, and to do other things more specifically included within its original articles of incorporation, and, having exerted its power by securing an extension of a franchise, has become, it seems to me, lawfully subject to the payment of the tax. One of the very purposes of its organization was to construct, if it chose, or to carry on the business of leasing, electric plants— that is to say, a primary purpose of its organization was to avail itself of the privilege of leasing and letting electric plants. It may not have done all the business that it was authorized to do under the articles of incorporation, but it was at the time of the assessment of the taxes doing some of the principal things for which it was incorporated, and was carrying on a business within the definition of its chartered powers. For these reasons it cannot stand upon the same ground that was taken by Rapid Transit Street Railway Company, where it appeared that the primary purposes for which incorporation had been had were not being fulfilled. Public Service Railway Company and Rapid Transit Street Railway Company v. Herold (No. 481) supra.

Defendant is entitled to judgment in accordance with these views.