### PUBLIC SERVICE CORPORATION OF NEW JERSEY et al. v. HEROLD (ten cases).

### SAME v. MOFFETT (three cases).

(District Court, D. New Jersey. June 14, 1921.)

Internal revenue ⊗—2, 38—1916 act held to extend time for claim for refund, but not for suit for refund against the collector.

As respects the right to recover taxes illegally collected, for the years 1909 and 1910, under the Corporation Excise Tax Law, *held*, that Act Sept. 8, 1916, § 14a (Comp. St. § 6336n), allowing claims for refund of taxes illegally collected under the 1909 act to be presented, notwithstanding the provisions of Rev. St. § 3228 (Comp. St. § 5951), which sets a two-year limitation for such presentation, does not repeal Rev. St. § 3227 (section 5950), barring suits for the recovery of any internal revenue tax illegally collected, unless brought within two years after the cause of action accrued, and therefore does not revive the right, otherwise barred by Rev. St. §§ 3226, 3227 (sections 5949, 5950), to sue the collector, but only revives the right, if barred by Rev. St. § 3228 (section 5951), to file a claim with the Commissioner.

At Law. Ten cases by the Public Service Corporation of New Jersey and others against Herman C. H. Herold and three cases by the same plaintiffs against Isaac Moffett. On motions for judgment on the pleadings. Judgment for defendants.

E. A. Armstrong and Frank Bergen, both of Newark, N. J., for plaintiffs.

Wayne Johnson, of Washington, D. C., John M. Sternhagen, of New York City, and A. L. Boulware, of Washington, D. C., for defendants.

---

RELLSTAB, District Judge. These cases come before the court on the pleadings and certain facts agreed upon at the hearing. Both parties move for judgment.

The plaintiffs seek to recover taxes, paid by them under protest, with interest thereon from the time of their payment. These taxes were assessed against them for the years 1909 and 1910, under the Act of August 5, 1909, commonly called the Corporation Excise Tax Law (36 Stat. 112). In previous litigations between the parties, involving these taxes and others assessed under the same act for later years, the taxes were declared illegal, but the plaintiffs were held to be barred from recovering those assessed for the years 1909 and 1910, for failure to claim a refund within the time specified by R. S. § 3228 (Comp. Stat. § 5951). See Public Service Ry. Co. Cases (D. C.) 227 Fed. 491, 494, 496, 500, affirmed as to 1909 and 1910 taxes (C. C. A. 3) 229 Fed. 902, 144 C. C. A. 184.

Subsequently to the rendition of the last of these decisions and the passage of the act of September 8, 1916 (39 Stat. 756 et seq., Comp. Stat. § 6336a et seq.), plaintiffs, in accordance with section 14a (Comp. Stat. § 6336n) of that act, presented to the Commissioner of Internal Revenue their claims for a refund of such taxes. The Commissioner rejected the claims, whereupon these suits were instituted. Thereafter the Commissioner, without knowledge of the suits, reconsidered his rejection and allowed the claims. Upon learning of the suits, he, following the practice of the department, canceled their allowance.

The defendants challenge the plaintiffs' right to sue, claiming that the judgments entered in the previous actions are a bar; that they failed to comply with R. S. §§ 3226, 3227, and 3228 (Comp. Stat. §§ 5949–5951), and that section 14a of the act of September 8, 1916, gives them no right of action. The issues—solely questions of law—call for the interpretation of the following statutory provisions:

"Sec. 3220. The Commissioner of Internal Revenue * * * is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, * * * also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal taxes collected by him, with the cost and expenses of suit; also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, or inspector, in any suit brought against him by reason of anything done in the due performance of his official duty." 6 U. S. Comp. Stat. § 5944, p. 6969.

"Sec. 3226. No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected * * * until appeal shall have been duly made to the Commissioner of Internal Revenue * * * and a decision of the Commissioner has been had therein: Provided, that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section." Id. p. 6985.

"Sec. 3227. No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected * * * shall be maintained in any court, unless the same is brought within two years next after the cause of action accrued." Id. p. 6989.

"Sec. 3228. All claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected * * * must be presented

to the Commissioner of Internal Revenue within two years next after the cause of action accrued." Id. p. 6991.

Act Sept. 8, 1916, § 14a:

"That upon the examination of any return of income made pursuant to * * * the act of August fifth, 1909, * * * if it shall appear that amounts of tax have been paid in excess of those properly due, the taxpayer shall be permitted to present a claim for refund thereof notwithstanding the provisions of section 3228 of the Revised Statutes." Id. p. 7356.

The act of 1916 contains no repealer of any of these sections of the Revised Statutes, but it does make the time limit in R. S. § 3228, within which the claim must be presented to the Commissioner of Internal Revenue, inapplicable to claims for a refund of taxes illegally collected under the 1909 act. The 1916 act is in recognition of the government's moral obligation to refund taxes illegally collected, and upon the presenting of a claim therefor to the Commissioner, he was authorized by R. S. § 3220, to make payment. But what if he rejected it, or failed to act upon it, within the six months specified in R. S. § 3226? Could a suit thereupon be instituted against the collector for the recovery of such taxes? R. S. § 3227, as noted, in terms bars the suit, "unless the same is brought within two years next after the cause of action accrued." Ordinarily such cause would accrue upon the payment of the tax. Savings Institution v. Blair, 116 U. S. 200, 204, 6 Sup. Ct. 353, 29 L. Ed. 657. If this limitation with respect to the bringing of suit is controlling, no action for a recovery of such taxes can be brought, either against the United States or its collectors. Did the 1916 act revive the right to bring suit against the collector, as well as the right to file a claim with the Commissioner?

The defendants contend that the legislative purpose of the 1916 act was merely to remove the barrier found in R. S. § 3228, and had no effect whatever upon the limitations found in R. S. §§ 3226 and 3227.

In the present suits it is not necessary to decide whether the 1916 act must be given such limited effect. Much may be said in support of a proposition that a new right or cause of action was given to the taxpayer by that act, but in these suits the only question is whether a new right or cause of action was given against the collectors. The liability of the collectors for a return of these taxes was denied in the previous suits. What is there in this act that even points to a revival of their liability? The taxes illegally collected having been paid into the United States Treasury, as required by the statute (R. S. § 3210 [Comp. Stat. § 5932]), the moral obligation to return it rested on the government and not the collectors. The 1916 act removed the legal disability (the bar of R. S. § 3228), which prevented the government from discharging its moral obligations. This is all that this act expressly did. If it may be said that by so doing there arose an implied promise to pay, it was that of the government, and not that of the collectors, through whom the taxes reached its treasury.

So far as they are concerned, the former adjudications are their sufficient defense. The defendants are entitled to judgments of no cause of action.