### PUBLIC SERVICE CORPORATION OF NEW JERSEY et al. v. HEROLD.

(Circuit Court of Appeals, Third Circuit. February 23, 1922.)

No. 2764.

1. **Internal revenue ⬅38—Act of 1916 permits suits on rejected refund claims made thereunder.**

The act of 1916, permitting a taxpayer from whom excess taxes have been collected under Act Aug. 5, 1909, and Act Oct. 3, 1913, to present a claim for refund thereof, notwithstanding Rev. St. § 3228 (Comp. St. § 5951), which requires a claim for refund to be made within two years, permits a suit to recover taxes unlawfully collected, where the claim for refund made thereunder was erroneously rejected by the collector; the cause of action for such taxes accruing at the time of such rejection, within Rev. St. § 3227 (Comp. St. § 5950), requiring suit to be brought within two years after the cause of action accrued.

2. **Judgment ⬅633—Act of 1916 is waiver by United States of res judicata plea to suit for taxes wrongfully collected.**

Act Sept. 8, 1916, § 14a (Comp. St. § 6336n), permitting suits for internal revenue taxes wrongfully collected, notwithstanding the two-year limitation of the claims for refund contained in Rev. St. § 3228 (Comp. St. § 5951), is a waiver by the United States of its plea of res judicata against a suit for such refund, based on a judgment denying relief to the taxpayer because the claim for refund was not made within the time specified by section 3228.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis and John Rellstab, Judges.

Action by the Public Service Corporation of New Jersey and others against Herman C. H. Herold to recover taxes unlawfully collected. Judgment for the defendant (273 Fed. 282), and plaintiffs bring error. Reversed and remanded.

The opinion in this case also controls the 12 kindred cases numbered from 2765 to 2776.

E. A. Armstrong and Frank Bergen, both of Newark, N. J., for plaintiffs in error.

Elmer H. Geran, U. S. Atty., Frederic M. P. Pearse, Asst. U. S. Atty., of Newark, N. J. (Carl A. Mapes, Solicitor of Internal Revenue, and J. Gilmer Korner, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant in error.

Before BUFFINGTON, Circuit Judge, and WITMER and THOMSON, District Judges.

BUFFINGTON, Circuit Judge. From the record in this case it appears that the Newark Consolidated Gas Company, a corporation of New Jersey, leased all its property and franchises, save its franchise of being a corporation, to the Public Service Corporation of New Jersey. Although in reality out of business, as was subsequently decided by this court, it was nevertheless required by the taxing officers of the United States to file a tax return as though engaged in business. On this return an excise tax was assessed against it by virtue of the Excise Tax Act of 1909 (36 Stat. c. 6, p. 11, 112–117). This tax, under protest on the ground it had leased all its property and was not engaged in business, the Newark Company paid. Subsequently Judge McPherson, sitting in the Circuit Court for the Eastern District of Pennsylvania, in Mine Hill Co. v. McCoach, 192 Fed. 670 (affirmed by this court, No. 1600, not reported, and by the Supreme Court in 228 U. S. 296, 33 Sup. Ct. 419, 57 L. Ed. 842), held that such a leasing corporation was not engaged in business within the meaning of the statute, and might recover taxes unlawfully collected. The collector of the New Jersey district, conceiving that the Mine Hill Case did not apply to the Newark Company and like companies that had leased their property to the Public Service Corporation of New Jersey, assessed and collected taxes against them as engaged in business. Suits having been brought against the collector to recover such taxes, this court in Public Service Co. v. Herold, 229 Fed. 902, 144 C. C. A. 184, held the cases were governed by the Mine Hill Case, and that such companies as had paid under protest, and asked in due season for a refund, were entitled to recover these unlawful taxes, but that the payments made of taxes for the years 1909 and 1911 could not be recovered, because no claim for refund had been made within the two years provided by R. S. § 3228 (Comp. St. § 5951), which provides that:

"All claims for the refunding of any internal tax alleged to have been erroneously * * * assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been exces-

sive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrued."

Confronted by the injustice of the situation, thus created, of the United States collecting taxes unlawfully assessed, and using statutes of limitations to prevent the taxpayer from recovering such unlawful exactions, Congress in 1916 enacted:

"That upon the examination of any return of income made pursuant to this title, the Act of August 5, 1909, entitled 'An act to provide revenue, equalize duties and encourage the industries of the United States, and for other purposes,' and the Act of October 3, 1913, entitled 'An act to reduce tariff duties and to provide revenue for the government, and for other purposes,' if it shall appear that amounts of tax have been paid in excess of those properly due, the taxpayer shall be permitted to present a claim for refund thereof notwithstanding the provisions of section 3228 of the Revised Statutes." Comp. St. § 6336n.

Acting under the supposed authority of this act, the Newark Consolidated Gas Company, whose right to recover for the taxes of 1909 and 1910 had been denied by this court in 229 Fed. 902, 144 C. C. A. 184, on account of no petition for refund having been presented to the Commissioner of Internal Revenue for refund of the unlawfully assessed and collected taxes of 1909 and 1910, thereafter made such refund claim. After various proceedings thereon, not necessary to here recite, its refund claim was finally rejected by the Commissioner in December, 1917. Whereupon this suit was brought. In an opinion printed in 273 Fed. 282, the court below held that the statute of 1916 quoted above had no application in the present suit, and further that the plaintiff was not entitled to recover because the judgment in our former case, 229 Fed. 902, 144 C. C. A. 184, was res adjudicata. To review a judgment accordingly, this writ of error was sued out.

We are of opinion the court below was in error in its construction and application of the Act of 1916. As the law stood prior to 1916. where a claim for the refund of a tax unlawfully assessed was made, such claim to refund, by section 3228, had to be presented to the Commissioner "within two years after the cause of action accrued." Manifestly, by the words "the cause of action accrued" was meant the fact of payment under protest of the illegal tax, for that "cause of action accrued" was the foundation of the claim to refund to be made to the Commissioner. Now, in the plaintiff's case, growing out of these taxes for 1909 and 1910, we held in 229 Fed. that, because no claim to refund the tax illegally exacted had been made to the Commissioner within two years after the tax was exacted, that the provision of section 3228, that "all claims for the refunding of any * * * tax alleged to have been erroneously or illegally assessed or collected * * * must be presented * * * within two years next-after the cause of action accrued," applied, and therefore the plaintiff could not recover in that suit. In other words, the plaintiff failed to recover in that case, not because it had failed to bring its suit within the two years provided by section 3227 (Comp. St. § 5950),

printed in the margin [1] but because it had no cause of action at any time for the reason that it had not laid the preliminary ground for an action by making within the two years required by section 3228 the refund claim.  Indeed, it is quite evident that, in the passage of new war-era legislation and the uncertainty of its construction and application, many situations naturally arose where taxpayers, assessed in honesty of purpose by officials, but eventually adjudged to have been so assessed without legal warrant, would not make timely refund claims. They accepted the legal construction then adopted by the taxing officials and acted accordingly.  They could not anticipate that the courts would construe the laws differently from the taxing officers; and this proved to be plaintiff's situation.  With taxes assessed under the act of 1909, and unlawfully collected, the plaintiff failed to make a refund claim to the Commissioner within two years, doubtless because such a petition to refund would, as the law was then construed by the Commissioner, have availed nothing.  Having failed to make the refund claim, the refund limitation of section 3228, passed in 1872, left the wronged taxpayer remediless.

[1] Now, it was to meet such wrongs, caused by the application of this statute of 1872 to conditions arising nearly 50 years later, that Congress passed the act of 1916, which, in substance, provided that such claim to refund might nevertheless be now made to the Commissioner, and consequently the taxpayer put in position to thereafter maintain a suit.  A study of the pertinent sections of the Act of 1916 and of section 3228, to which it refers, makes this clear.  Both are addressed, not to suits, but to claims to refund to be made to the Commissioner. Thus section 3228 (Act of 1872) provides:

"All claims for the refunding * * * must be presented to the Commissioner * *. * within two years next after the cause of action accrued."

And the statute of 1916 enacts that:

"If it shall appear that amounts of tax have been paid in excess of those properly due, the taxpayer shall be permitted to present a claim for refund thereof notwithstanding the provisions of section 3228 of the Revised Statutes."

In other words, by the Act of 1872 (section 3228) the refund claim had to be made in two years; by the Act of 1916 that two-year limitation was lifted in the case of returns made pursuant to the Acts of August 5, 1909, and of October 3, 1913.  And in reaching this conclusion, that the subject-matter of these two statutory enactments was refunding claims made to the Commissioner, and not suits, we note the fact that the Act of 1872, by R. S. § 3227, provided for the limitation of suits and the Act of 1916 made no change in that regard.

[2] The present plaintiff having presented its refunding claim to the Commissioner, as permitted by the Act of 1916, and, he having finally

---

[1] "Sec. 3227. No suit  or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, shall be maintained in any court, unless the same is brought within two years next after the cause of action accrued."

rejected the claim in December, 1917, we hold that thereupon a right of action accrued to the Newark Company, and that the United States, having given by the Act of 1916 the plaintiff such statutory authority to bring this suit, it thereby signified that it did not stand on any previous litigation between it and the taxpayer to create the defense of res adjudicata.

The judgment below is reversed, and the case remanded for further proceedings in accordance with the foregoing opinion.

In the kindred cases, which involve the same questions, Nos. 2765, 2766, 2767, 2768, 2769, 2770, 2771, 2772, 2773, 2774, 2775, and 2776 in this court, the judgment of the court below are also reversed, and the said cases remanded for further proceedings in accordance with the foregoing opinion.